## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

VERIZON WASHINGTON, D.C., INC.          :
1710 H Street, N.W.-11th Floor
Washington, D.C. 20006                       :

      Plaintiff,                                  :

v.                                                :          Case No.:

UNITED STATES OF AMERICA                :

SERVE:          Kenneth L. Wainstein          :
              United States Attorney's Office
              for the District of Columbia          :
              555 Fourth Street, N.W.
              Washington, DC 20530                  :

and                                               :

UNITED STATES AIR FORCE                 :
COMMUNICATIONS SQUADRON
Brookley Avenue - Building 16              :
Second Floor
Washington, D.C. 20332                       :

SERVE:          Kenneth L. Wainstein          :
              United States Attorney's Office
              for the District of Columbia          :
              555 Fourth Street, N.W.
              Washington, DC 20530                  :

              Defendants.                            :

_____

## COMPLAINT

1.          This action arises under, *inter alia*, the Federal Tort Claims Act, 28 U.S.C. §§

2671-2680 and the District of Columbia  "Miss Utility" statute, codified at D.C. Code,

Underground Facilities and Protection Act, §§ 34-2700, *et seq.*

2.          This Court has jurisdiction pursuant to 28 U.S.C. 1346(b).

3.          Plaintiff, Verizon Washington, D.C. Inc. ("Plaintiff"), maintains offices and is

licensed to conduct business in Washington, D.C.

4.          Defendant, United States of America, represents the government of the United

States of America.

5.          Defendant, United States Air Force Communications Squadron, represents the

government of the United States of America.

6.     At all times relevant herein, Plaintiff had, and lawfully maintained, as part of its telephone service distribution system, certain telecommunications equipment, lawfully placed underground, at or near 3654 Andrews Circle at Bolling Air Force Base, located in Washington, D.C.

7.     On or about October 10, 2002, Defendant, United States Air Force Communications Squadron, or its agents, servants and/or employees contacted the District of Columbia Miss Utility One-Call Center and requested that the area at or near 3654 Andrews Circle at Bolling Air Force Base, located in Washington, D.C., be surveyed, marked and located for the presence and existence of underground utility company facilities.

8.     On or about October 10, 2002, UtiliQuest, LLC, an underground utility locating company, accurately, properly and completely performed underground utility locating services, pursuant to the provisions of the District of Columbia Code, and to its contract with Plaintiff, at or near the aforementioned location.

9.     On or about October 22, 2002, Defendant, United States of America, and/or Defendant, United States Air Force Communications Squadron, and/or their agents, servants and/or employees, were excavating, as part of a demolition and construction project, with heavy excavation equipment at or near 3654 Andrews Circle at Bolling Air Force Base, located in Washington, D.C., and they struck and damaged the underground telecommunications facilities therein owned by Plaintiff with their excavation equipment.

10.     On or about April 10, 2003, Plaintiff timely notified, via certified mail, Defendant, United States Air Force Communications Squadron, of the claim for property damage underlying the instant action and the amount due Plaintiff, in accordance with the Federal Tort Claims Act.

11.     Jurisdiction is proper as all acts complained of took place in Washington, D.C.

## COUNT I
### (Negligence - United States of America)

12.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through eleven (11) of this Complaint as if fully set forth herein.

13.     At all times relevant herein, Defendant, United States of America, and its agents, servants and/or employees owed a duty to conduct and perform their excavation, demolition, installation, maintenance and repair work with reasonable care.

14.     Notwithstanding this duty, and in breach thereof, Defendant, United States of America, and its agents, servants and/or employees conducted their excavation, demolition, installation, maintenance and repair work in a negligent and careless manner.  This negligence consisted of, among other forms of negligence, a failure to exercise due care in their performance of the aforementioned duties, a failure to properly notify Plaintiff, a failure to properly identify, locate and/or avoid Plaintiff's existing underground telecommunications facilities, a failure to confine their excavation within the permissible statutory parameters of the properly identified, located and marked underground telecommunications facilities, a failure to hand-dig near or around clearly visible, above-ground facilities (manholes) of Plaintiff in order to identify connected underground facilities, a failure to adhere to and maintain existing underground utility marks during the course of excavation, a failure to properly instruct and supervise its agents, servants and/or employees, a failure to take reasonable precautions to avoid damaging the underground telecommunications facilities of Plaintiff, a failure to ensure that proper standards and practices were followed by its excavators, a failure to request an underground utility re-locate of the area in which they were conducting their excavation after destroying and/or obliterating the original locate marks and identifiers set forth by the locating company at the subject location and a failure to abide by the provisions of the District of Columbia  "Miss Utility" statute, codified at D.C. Code § 34-2701 *et seq.*

15.     As a direct and proximate result of the negligence of Defendant, United States of America, and its agents, servants and/or employees, Plaintiff's underground telecommunications

3

facilities were struck, compromised and damaged.

16.     By reason of the damage caused by Defendant, United States of America, and its agents, servants and/or employees to Plaintiff's underground telecommunications facilities, Plaintiff was required to expend $15,832.19, for repair and/or replacement of the same and suffered other damages and expenses, all of which were caused by the aforementioned negligence, without any negligence on the part of Plaintiff contributing thereto.

**WHEREFORE,** the foregoing considered, Plaintiff demands judgment against Defendant, United States of America, in the amount of $15,832.19, plus attorneys fees, interest, costs and any other relief this Court deems just.

## COUNT II
### (Trespass/Interference with Easement - United States of America)

17.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through sixteen (16) of this Complaint as if fully set forth herein and further alleges that Defendant, United States of America, and its agents, servants and/or employees committed a trespass upon Plaintiff's lawfully placed, underground telecommunications facilities.

18.     Plaintiff is a public service company engaged in, among other services, the supply and distribution of telephone service for the use of the general public throughout the District of Columbia.

19.     Pursuant to Plaintiff's lawful franchise rights and easements, it had and maintained, at all times relevant herein, as part of its telephone service distribution system, certain underground telecommunications facilities lawfully placed at or near 3654 Andrews Circle at Bolling Air Force Base, located in Washington, D.C.

20.     While in the process of excavating at, near, beneath, on or adjacent to Plaintiff's telecommunications facilities at the aforementioned location and within the confines of Plaintiff's lawful easement, Defendant, United States of America, and its agents, servants and/or employees did trespass, invade, enter upon, disturb and interfere with Plaintiff's easement, its use thereof

4

and the use of the telecommunications facilities therein.

21.     This trespass impaired the integrity of Plaintiff's easement by damaging, disturbing and compromising the underground telecommunications facilities.

22.     As a direct and proximate result of this trespass and by reason of the damages caused by Defendant, United States of America, and its agents, servants and/or employees to Plaintiff's underground telecommunications facilities, Plaintiff was required to expend $15,832.19, for repair and/or replacement of the same and suffered other damages and expenses, all of which were caused by the aforementioned trespass without the authority or permission of Plaintiff.

**WHEREFORE,** the foregoing considered, Plaintiff demands judgment against Defendant, United States of America, in the amount of $15,832.19, plus attorneys fees, interest, costs, and any other relief this Court deems just.

**COUNT III**
**(Nuisance - United States of America)**

23.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through twenty-two (22) of this Complaint as if fully set forth herein and alleges that Defendant, United States of America, and its agents, servants and/or employees created a nuisance which damaged and interfered with the use of Plaintiff's lawfully placed underground telecommunications facilities.

24.     Upon information and belief and, at all times relevant herein, Defendant, United States of America, and its agents, servants and/or employees improperly conducted demolition, excavation and construction work in close proximity to Plaintiff's underground telecommunications facilities, located at or near 3654 Andrews Circle at Bolling Air Force Base, located in Washington, D.C., resulting in damage to Plaintiff's underground facilities.

25.     As a result of the conduct of Defendant, United States of America, and its agents, servants and/or employees, Plaintiff's underground telecommunications facilities were stuck,

compromised and damaged, resulting in a substantial and unreasonable interference with the use of said telecommunications facilities by both Plaintiff and the general public.

26.    The conduct of Defendant, United States of America, and its agents, servants and/or employees, while performing demolition, excavation, construction and other work in close proximity to Plaintiff's, underground telecommunications facilities, was unreasonable and constituted a nuisance.

27.    As a direct and proximate result of this nuisance and, by reason of the damages caused by Defendant, United States of America, and its agents, servants and/or employees to Plaintiff's underground telecommunications facilities, Plaintiff, was required to expend $15,832.19, for repair and/or replacement of the same and suffered other damages and expenses.

**WHEREFORE**, the foregoing considered, Plaintiff demands judgment against Defendant, United States of America, in the amount of $15,832.19, plus interest, costs and any other relief this Court deems just.

## COUNT IV
### (Negligence -United States Air Force Communications Squadron)

28.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through twenty-seven (27) of this Complaint as if fully set forth herein.

29.    At all times relevant herein, Defendant, United States Air Force Communications Squadron, and its agents, servants and/or employees owed a duty to conduct and perform their excavation, demolition, installation, maintenance and repair work with reasonable care.

30.    Notwithstanding this duty, and in breach thereof, Defendant, United States Air Force Communications Squadron, and its agents, servants and/or employees conducted their excavation, demolition, installation, maintenance and repair work in a negligent and careless manner. This negligence consisted of, among other forms of negligence, a failure to exercise due care in their performance of the aforementioned duties, a failure to properly notify Plaintiff, a failure to properly identify, locate and/or avoid Plaintiff's existing underground

6

telecommunications facilities, a failure to confine their excavation within the permissible statutory parameters of the properly identified, located and marked underground telecommunications facilities, a failure to hand-dig near or around clearly visible, above-ground facilities (manholes) of Plaintiff in order to identify connected underground facilities, a failure to adhere to and maintain existing underground utility marks during the course of excavation, a failure to properly instruct and supervise its agents, servants and/or employees, a failure to take reasonable precautions to avoid damaging the underground telecommunications facilities of Plaintiff, a failure to ensure that proper standards and practices were followed by its excavators, a failure to request an underground utility re-locate of the area in which they were conducting their excavation after destroying and/or obliterating the original locate marks and identifiers set forth by the locating company at the subject location and a failure to abide by the provisions of the District of Columbia "Miss Utility" statute, codified at D.C. Code § 34-2701 *et seq.*

31.    As a direct and proximate result of the negligence of Defendant, United States Air Force Communications Squadron, and its agents, servants and/or employees, Plaintiff's underground telecommunications facilities were struck, compromised and damaged.

32.    By reason of the damage caused by Defendant, United States Air Force Communications Squadron, and its agents, servants and/or employees to Plaintiff's underground telecommunications facilities, Plaintiff was required to expend $15,832.19, for repair and/or replacement of the same and suffered other damages and expenses, all of which were caused by the aforementioned negligence, without any negligence on the part of Plaintiff contributing thereto.

**WHEREFORE,** the foregoing considered, Plaintiff demands judgment against Defendant, United States Air Force Communications Squadron, in the amount of $15,832.19, plus attorneys fees, interest, costs and any other relief this Court deems just.

**COUNT V**
**(Trespass/Interference with Easement - United States Air Force Communications Squadron)**

33.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through thirty-two (32) of this Complaint as if fully set forth herein and further alleges that Defendant, United States Air Force Communications Squadron, and its agents, servants and/or employees committed a trespass upon Plaintiff's lawfully placed, underground telecommunications facilities.

34.     Plaintiff is a public service company engaged in, among other services, the supply and distribution of telephone service for the use of the general public throughout the District of Columbia.

35.     Pursuant to Plaintiff's lawful franchise rights and easements, it had and maintained, at all times relevant herein, as part of its telephone service distribution system, certain underground telecommunications facilities lawfully placed at or near 3654 Andrews Circle at Bolling Air Force Base, located in Washington, D.C.

36.     While in the process of excavating at, near, beneath, on or adjacent to Plaintiff's telecommunications facilities at the aforementioned location and within the confines of Plaintiff's lawful easement, Defendant, United States Air Force Communications Squadron, and its agents, servants and/or employees did trespass, invade, enter upon, disturb and interfere with Plaintiff's easement, its use thereof and the use of the telecommunications facilities therein.

37.     This trespass impaired the integrity of Plaintiff's easement by damaging, disturbing and compromising the underground telecommunications facilities.

38.     As a direct and proximate result of this trespass and by reason of the damages caused by Defendant, United States Air Force Communications Squadron, and its agents, servants and/or employees to Plaintiff's underground telecommunications facilities, Plaintiff was required to expend $15,832.19, for repair and/or replacement of the same and suffered other damages and expenses, all of which were caused by the aforementioned trespass without the

8

authority or permission of Plaintiff.

WHEREFORE, the foregoing considered, Plaintiff demands judgment against Defendant, United States Air Force Communications Squadron, in the amount of $15,832.19, plus attorneys fees, interest, costs, and any other relief this Court deems just.

## COUNT VI
### (Nuisance -United States Air Force Communications Squadron)

39.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through thirty-eight (38) of this Complaint as if fully set forth herein and alleges that Defendant, United States Air Force Communications Squadron, and its agents, servants and/or employees created a nuisance which damaged and interfered with the use of Plaintiff's lawfully placed underground telecommunications facilities.

40.    Upon information and belief and, at all times relevant herein, Defendant, United States Air Force Communications Squadron, and its agents, servants and/or employees improperly conducted demolition, excavation and construction work in close proximity to Plaintiff's underground telecommunications facilities, located at or near 3654 Andrews Circle at Bolling Air Force Base, located in Washington, D.C., resulting in damage to Plaintiff's underground facilities.

41.    As a result of the conduct of Defendant, United States Air Force Communications Squadron, and its agents, servants and/or employees, Plaintiff's underground telecommunications facilities were stuck, compromised and damaged, resulting in a substantial and unreasonable interference with the use of said telecommunications facilities by both Plaintiff and the general public.

42.    The conduct of Defendant, United States Air Force Communications Squadron, and its agents, servants and/or employees, while performing demolition, excavation, construction and other work in close proximity to Plaintiff's underground telecommunications facilities, was unreasonable and constituted a nuisance.

9

43.    As a direct and proximate result of this nuisance and, by reason of the damages caused by Defendant, United States Air Force Communications Squadron, and its agents, servants and/or employees to Plaintiff's underground telecommunications facilities, Plaintiff, was required to expend $15,832.19, for repair and/or replacement of the same and suffered other damages and expenses.

WHEREFORE, the foregoing considered, Plaintiff demands judgment against Defendant, United States Air Force Communications Squadron, in the amount of $15,832.19, plus interest, costs and any other relief this Court deems just.


Respectfully submitted,

ANDERSON & QUINN, LLC


  /s/ Alice Kelley Scanlon
Alice Kelley Scanlon, Bar #437106
The Adams Law Center
25 Wood Lane
Rockville, Maryland 20850
(301) 762-3303
Attorneys for Plaintiff, Verizon Washington, D.C. Inc.

10