UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERIZON WASHINGTON, Inc.      )<br>                               )<br>              Plaintiff,       )<br>                               )<br>      v.                       )   Civil Action No.: 05-2081 (JR)<br>                               )<br>U.S. DEPARTMENT OF AIRFORCE    )<br>                               )<br>              Defendant.       )<br>_____) | |

## FEDERAL DEFENDANT'S MOTION TO DISMISS

Federal Defendant, through their undersigned attorneys, hereby submit this Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(1) and (6) because the Court lacks subject matter jurisdiction over certain claims in Plaintiffs' Complaint. Wherefore, Federal Defendant requests that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

/ s /
_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/ s /
_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

/ s /
_____
BENTON G. PETERSON WI BAR#1029849
Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-514-7238 / FAX 202-514-8780

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERIZON WASHINGTON, Inc. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF AIRFORCE )<br>)<br>Defendant. )<br>_____) | Civil Action No.: 05-2081 (JR) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

This is an action filed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b), 2671-2680, arising from allegations that personnel from the 11th Civil Engineering Squadron (11 CES) at Bolling Air Force Base, Washington D.C., negligently performed an excavation on October 22, 2002 near Plaintiff's utility lines with a backhoe during demolition for a new family housing project, thereby causing damage to Verizon's underground telephone cable. Plaintiff further alleges, in Counts II and III of the complaint, the United States committed an alleged trespass on its lawful easement rights and created a nuisance, which allegedly interfered with Verizon's private use under its easement. Counts IV through VI are merely a re-statement of the same allegations of negligence, trespass, and nuisance but are made against a second party-defendant, identified as the "United States Air Force Communications Squadron."

## I. STATEMENT OF FACTS.

This action follows the presentment of an administrative claim to the Air Force in the amount of $15,832.19 on May 26, 2004[1] at Bolling Air Force Base, Office of the Staff Judge Advocate, for alleged damages to a buried telephone cable, which occurred on October 22, 2002 during demolition work on the installation. On October 1, 2004, the then Acting Staff Judge Advocate, Lieutenant Colonel David Conroy, denied Verizon's claim in writing and sent the notice by certified mail to the Plaintiff's claims representative.(Attachment 1)[2] The letter explicitly advised Plaintiff of its right to file suit in federal district court within six months. The claim was denied on the basis that Plaintiff was contributorily negligent by failing to re-route its active service lines, pursuant to a relocation plan with the base and general contractor, prior to demolition.

## II. STANDARD OF REVIEW

This Circuit recently has reiterated the standard governing motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1):

> A complaint may be dismissed for lack of subject matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In our review, this court assumes the truth of the allegations made and construes them favorably to the pleader.

Empagran S.A. v. F. Hoffman-LaRoche, Ltd., 315 F.3d 338, 343 (D.C. Cir. 2003), *citing* Sinclair v. Kleindienst, 711 F.2d 291, 293 (D.C.Cir.1983) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46

---

[1] The complaint alleges the claim was filed on April 3, 2003, rather than May 26, 2004. Defendant has no record of a claim being filed on that date. Bolling Air Force Base Communications Squadron did receive an unsigned invoice from Plaintiff itemizing repair costs in August 2003. An actual demand for a sum certain signed by an authorized representative of Verizon was not, however, filed until May 26, 2004. The date the claim was filed has no legal significance to the issues in this matter. However, the date of the agency's denial of the administrative claim is dispositive of the issue concerning statute of limitations. *See*, 28 U.S.C. §2401(b).

[2] A denial letter was initially mailed on September 24, 2004, but was returned to sender because the city and state were incorrectly listed on the mailing envelope. On October 1, 2004, another letter was sent out with a corrected address and was receipted for by Verizon's representative on October 12, 2004.

(1957).

In reviewing a motion to dismiss, the complaint's factual allegations must be presumed true and all reasonable inferences drawn in the plaintiff's favor. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). While a plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Kowal, 16 F.3d at 1276. Further, while the court must accept plaintiff's allegations of fact as true, the court is not required to accept as correct the conclusions plaintiff would draw from such facts. Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996). Nor must a court "accept legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1276.

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). *See, also* Tripp v. Executive Office of the President, 200 F.R.D. 140, 142 (D.D.C. 2001); Fowler v. District of Columbia, 122 F. Supp. 2d 37, 39-40 (D.D.C. 2000); Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). To determining whether a plaintiff has met this burden, the court sometimes is required to look to matters outside of the pleadings. Thompson v. Capitol Police Bd., 120 F.Supp.2d 78, 81-82 (D.D.C. 2000) (discrimination case) *citing* In Re: Swine Flu Immunization Products Liability Litigation (Kenneda v. United States), 880 F.2d 1439, 1442 (D.C. Cir. 1989); *accord* Battle v. Rubin, 121 F.Supp.2d 4, 6 (D.D.C. 2000). Moreover, the Court has "an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."

Fowler, at 40. Accordingly, courts will consider matters outside the pleadings to assure themselves that they possess subject matter jurisdiction. *Id.; see also* Schrader v. Tomlinson, No. 00-2804, 2004 WL 715836 (D.D.C. March 30, 2004).

It is well-established that where defendants attach and rely on certain documents outside of the pleadings for the limited purpose of allowing the court to determine whether it has jurisdiction over a plaintiff's claims, the Court may rely upon such extraneous evidence without converting the motion into one for summary judgment. Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992).

### III. ARGUMENT

#### A. Plaintiffs' Claims are Barred by the Statute of Limitations.

Plaintiff filed the present complaint on October 24, 2005 for damages in the amount of $15,832.19 relating to the cable damage on October 22, 2002 following an administrative claim filed with Bolling Air Force on May 26, 2004 by authorized claims representative Richard Cook. The claim was denied by the agency on October 1, 2004 in writing. The denial letter was sent by certified mail and advised Plaintiff of the right to file suit within six months. The return receipt reflects this denial letter was receipted for on October 12, 2004. The United States District Court for the District of Columbia has held that a claimant must file suit within six months of an agency's final denial of the claim pursuant to 28 U.S.C. §2401(b) or the action is forever barred.[3] This legal precedent is well-established. *See* Schuler v. United States, 628 F.2d 199 (D.C. Cir. 1980); Bryant v. Carlson, 652 F. Supp. 1286 (D.C.Cir. 1987).

---

[3] No request for reconsideration was ever filed by plaintiff following denial.

Plaintiff did file a second claim on or about September 8, 2004 for damage to their cable on July 1, 2003 in the amount of $5,251.64. The claim was denied on May 1, 2005 by the agency. The pending complaint, which was filed October 24, 2005, does not encompass that second claim nor has Defendant been notified, to date, of any complaint filed by Plaintiff in connection with this second claim or incident. By this time, the statutory six-month period from the date of the agency's denial has expired on Plaintiff's second administrative claim and it is also time-barred. Id. Therefore, Plaintiff's Complaint should be dismissed as barred by 28 U.S.C. § 2401, since this action was filed outside the statutory limitations period.

### B. Sovereign Immunity Precludes Plaintiff's Suit

The United States as sovereign is immune from suit except as it consents to be sued. See, e.g., United States v. Dalm, 494 U.S. 596, 608 (1990); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976). Accordingly, no action lies against the United States unless the legislature has authorized it. See Testan, 424 U.S. at 399; United States v. Shaw, 309 U.S. 495, 503 (1940).

In analyzing whether Congress has waived the immunity of the United States from suit, the waiver must be construed strictly in favor of the sovereign and not enlarged beyond what the words require. See Dalm, 494 U.S. at 608; see also Ardestani v. Immigration and Naturalization Service, 502 U.S. 129, 137 (1991); Ruckelshaus v. Sierra Club, 463 U.S. 680, 685-86 (1983). Moreover, such a waiver of sovereign immunity cannot be implied, but, instead, must be unequivocally expressed. See Dorsey v. U.S. Dept. of Labor, 41 F.3d 1551, 1555 (D.C. Cir. 1994).

In the instant matter, plaintiff has failed to identify any waiver of sovereign immunity for its claim. Indeed, plaintiff alleges no facts that vest jurisdiction in this Court. In the Complaint, plaintiff alleges claims against defendant pursuant to the Federal Tort Claims Act (the "FTCA"). Plaintiff, however, cannot bring claim against the United States pursuant to the FTCA because plaintiff failed to satisfy the administrative requirements for bringing a suit under the FTCA.

In this regard, the FTCA is a limited waiver of sovereign immunity for certain monetary claims against the United States. Absent full compliance with the conditions placed upon waiver of that immunity, the Court lacks jurisdiction to entertain tort claims against the United States. See GAF Corp. v. United States, 818 F.2d 901, 904-05 (D.C. Cir. 1987). The FTCA provides, in pertinent part, that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). Moreover, the FTCA further states that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ." 28 U.S.C. § 2675(a).

This requirement is jurisdictional and cannot be waived. See, e.g., Bowden v. United States, 106 F.3d 433, 441 (D.C. Cir. 1997); GAF Corp., 818 F.2d at 904. Indeed, in the absence of allegations and proof of compliance with this jurisdictional requirement, a plaintiff cannot maintain an action under the FTCA. Id.

On October 24, 2005, more than a year after the defendant issued its final denial by certified mail, the pending complaint was filed in federal district court seeking damages for repair of the cable caused by the strike on October 22, 2002. Based on the attached Conroy

declaration, including a copy of the final denial letter, dated October 1, 2004 (Declaration ex. 5); a copy of the certified mail receipt (Declaration ex.4); a copy of the return receipt signed by plaintiff on October 12, 2004(Declaration ex.6); and declaration of Lt. Col. David Conroy verifying the authenticity of these exhibits (Attachment 1), the defendant moves to dismiss this action under Federal Rule of Procedure 12(b)(1), based on lack of subject matter jurisdiction. Specifically, Plaintiff failed to bring a suit within the required six months of the agency's denial, and therefore, the claim is forever barred. See 28 U.S.C. 2401(b)[4]; Schuler v. United States, 202 U.S. App. D.C. 199 (D.C. Cir. 1980); Bryant v. Carlson, 652 F. Supp. 1286 (D.C.Cir. 1987).

### C. Claims against United States Air Force Communications Squadron Should Be Dismissed.

The complaint improperly names, as an additional defendant, the United States Air Force Communications Squadron. Federal agencies cannot be sued directly in 28 U.S.C. §1346(b)(1) actions pursuant to 28 U.S.C. §2679(a). The exclusive remedy is against the United States as defendant. Counts I, II, III of the complaint allege negligence, trespass, and nuisance against the United States while Counts IV, V, VI of the complaint restate the same allegations against the "United States Air Force Communications Squadron" as a second party-defendant, however, no complaint can be legally maintained against any agency, or division thereof, under the FTCA. For this reason, Defendant also moves to dismiss Counts IV-VI and the United States Air Force Communications Squadron as party-defendant pursuant to 12(b)(6), assuming the entire action is

---

[4] 28 U.S.C. §2675(a) states, in pertinent part:
A tort claim against the United States shall *be forever barred* unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action *is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.* [Emphasis Added].

not dismissed, because the Court has no subject matter jurisdiction over the federal agency in a 28 U.S.C. §1346 (b)(1) action pursuant to 28 U.S.C. §2679(a).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
BENTON G. PETERSON WI BAR#1029849
Assistant United States Attorney-Civil Division
555 Fourth St., N.W. Washington, D.C. 20530
202-514-7238 / FAX 202-514-8780